

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/28/2009

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| PISCES ENERGY, LLC and | § | CASE NO. 09-36591-H5-11 |
| PALM ENERGY PARTNERS, LLC | § | CASE NO. 09-36593-H5-11 |
| | § | |
| Debtors. | § | Jointly Administered Under |
| | § | Case No. 09-36591-H5-11 |

**FINAL ORDER GRANTING DEBTORS' EXPEDITED APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF ERNST & YOUNG, EFFECTIVE AS OF OCTOBER 5, 2009**

On this day the Court considered the Debtors' Expedited Application for Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 Authorizing Employment and Retention of Ernst & Young as Valuation Services Provider for the Debtors (the "Application"), filed by the above-captioned Debtors (the "Debtors"). The Application requests the entry of an order, pursuant to §§ 327(a) of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016, authorizing the employment and retention of Ernst & Young ("E&Y") as valuation services provider for the Debtors, all in accordance with the terms of the engagement letter (the "Engagement Letter") attached to the Application as part of Exhibit A.

The Court has considered (i) the Application; (ii) the *Affidavit of William M. Gray in Support of First Day Pleadings* and the record of proceedings before the Court; (iii) the *Declaration of E&Y*, filed in support of the Application; (iv) the evidence presented; and (v) the arguments of counsel.

The Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. §



157(b)(2); (iii) the relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Application and the hearing thereon has been given; (v) the Court is satisfied, pending a final hearing on reasonable notice, that E&Y does not hold or represent an interest adverse to the Debtors estates and is "disinterested," as such term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, and that the employment of E&Y is necessary and would be in the best interests of the Debtors, their creditors and estates; (vi) the terms of compensation being sought by E&Y applicable to its retention, as described in the Engagement Letter, are reasonable; (vii) good and sufficient cause exists for the granting of the relief as set forth herein. Therefore—

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Debtors are authorized, effective as of October 5, 2009, to employ and retain E&Y as their valuation services provider, on the terms set forth in the Engagement Letter.

2. The compensation and reimbursement of expenses to be paid to E&Y shall be paid as an administrative expense of the estate in such amounts as shall be determined upon appropriate application to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and such other procedures and Orders as may be fixed by this Court. E&Y shall comply with and be compensated pursuant to the Order Granting Motion to Establish Procedure for Monthly and Interim Compensation and Reimbursement of Expenses for Case Professionals (docket #139).

3. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, or this Order, the terms of this Order shall govern.

4.   This Court will retain jurisdiction to continue and enforce the terms of this Order.

Dated: Oct 28, 2009

_____
UNITED STATES BANKRUPTCY JUDGE